(174 App. Div. 205)

## In re BERKELEY.

(Supreme Court, Appellate Division, First Department. October 20, 1916.)

1. **ATTORNEY AND CLIENT** ⊚═45—**DISBARMENT—PROFESSIONAL MISCONDUCT.**

In a proceeding for disbarment, it appeared that the respondent's partner brought an action for an accounting, recovered a judgment affirmed on appeal, that execution was returned unsatisfied, and that his partner then obtained a judgment that respondent's conveyances were made without consideration to his father with intent to defraud creditors, and that a client of the same name alleged to be the grantee was fictitious, and that the respondent reopened a bank account in his name as administrator, after his discharge as such, and deposited therein rents from the properties so fraudulently conveyed with intent to defraud his former partner, in violation of the Penal Law (Consol. Laws, c. 40). *Held,* that such acts involved a lack of character and common honesty not to be tolerated in an attorney at law, and that the respondent will be disbarred.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 63; Dec. Dig. ⊚═45.]

2. **ATTORNEY AND CLIENT** ⊚═53(1)—**PROCEEDING FOR DISBARMENT—EVIDENCE —RECORD.**

The record in the action of his former partner against the respondent was competent proof as to his conduct therein.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 74; Dec. Dig. ⊚═53(1).]

3. **FRAUDULENT CONVEYANCES** ⊚═271(3)—**WHAT CONSTITUTES.**

An attorney's voluntary conveyances of real estate, after judgment in his former partner's action for an accounting and return of execution unsatisfied, will be conclusively presumed to be fraudulent.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 798; Dec. Dig. ⊚═271(3).]

Proceeding instituted by the New York County Lawyers' Association to discipline Lancelot M. Berkeley, an attorney, for alleged professional misconduct. Respondent disbarred.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

Mason Trowbridge, of New York City (Richard H. Clarke and George R. Adams, both of New York City, of counsel), for petitioner.

Lancelot M. Berkeley, of New York City, in pro. per.

---

CLARKE, P. J.  [1] The respondent was admitted to the bar in December, 1894, and has ever since engaged in the practice of law in this state. The petition charging professional misconduct contains eight specifications. The first six specifications concern the conduct of the respondent in litigation between him and his former law partner, James C. Bushby. In an action for an accounting, Bushby, on June 17, 1913, recovered a judgment against the respondent for $4,573.64, which was affirmed upon appeal.[1] Execution upon that judgment was returned unsatisfied, and Bushby thereupon commenced an action to set aside, as fraudulent and void, four conveyances of real estate made by the respondent to one Robert C. Berkeley. In this action the respondent appeared as attorney for himself and for the defendant Robert C. Berkeley and filed separate answers for each defendant. After trial in the Supreme Court, judgment was entered on June 30, 1914, in favor of the plaintiff declaring the several conveyances to be fraudulent, null, and void.[2] The judgment thus entered was affirmed by this court (149 N. Y. Supp. 1073), and an appeal therefrom was subsequently dismissed by the Court of Appeals.

From the findings contained in the printed case on appeal to this court, received in evidence in the present proceeding, it appears that at the time the cause of action for an accounting accrued the respondent was the owner of the four parcels of real estate hereinbefore mentioned; that at various dates he executed deeds purporting to convey the said premises to one Robert C. Berkeley, intending that the grantee should be his father, Robert C. Berkeley; that the transfers were without consideration; that the respondent therefore claimed upon the trial that the grantee named in the deeds and defendant in the action was a person of the same name as his father except for the spelling of the middle name, which person in fact was nonexistent; and that the conveyances were made with the intent to cheat, hinder, delay, and defraud the creditors of the respondent, and especially the plaintiff, Bushby.

The findings of the trial court were fully sustained by the evidence. The R. C. Berkeley whom the respondent claimed to be a client and entirely unrelated to him did not appear upon the trial of the action, and no papers were served upon him. The respondent voluntarily appeared as his attorney and asserted his authority to so appear. He was unable to state his alleged client's whereabouts, nor could he produce any paper bearing said Berkeley's signature, notwithstanding he claimed practically unlimited authority to look after and collect the rents of the real estate transferred to him. No witness called upon the trial, aside from the respondent himself, claimed to have ever seen this mysterious R. C. Berkeley.

[2, 3] The respondent likewise failed to produce the alleged grantee at the hearing before the official referee in the present proceeding. In order to show the writing or indorsement on the backs of deeds of the person at whose request they were recorded, the counsel for the petitioner called upon the respondent to produce said deeds, which it was established had been mailed by the register's office, after their recording, to R. C. Berkeley at 36 West Ninety-First street, New

¹ 160 App. Div. 916, 145 N. Y. Supp. 1115.    ² 85 Misc. Rep. 178, 148 N. Y. Supp. 121.

York City. The respondent failed to produce these deeds, refused to state whether or not they were in his possession, or to account for his inability or unwillingness to produce them. At the first hearing, although directed by the referee to be sworn as the petitioner's witness, the respondent refused to be sworn, pleading his constitutional privilege. The petitioner then called as a witness Alice M. White, who conducts a boarding house at 36 West Ninety-First street, the address to which the deeds were mailed by the register's office. It appears that the respondent occupied rooms in this boarding house at the time of the hearing, and had for some years prior thereto. While the witness testified that a R. C. Berkeley, unrelated to the respondent, had also roomed there for a short time in 1909 and 1910, the testimony was anything but convincing and falls far short of establishing the existence of the alleged grantee. The irresistible conclusion from the evidence before the referee is that the unproduced R. C. Berkeley had no existence and was a mere invention of the respondent to avoid the effect of his fraudulent conveyances. That the conveyances in question were fraudulent is conclusively established by Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082, and Kerker v. Levy, 206 N. Y. 109, 99 N. E. 181.

The sixth specification charges the respondent with reopening a certain bank account in the name of himself as administrator of the estate of one Sally M. Waugh, more than two years after his discharge as such administrator, and depositing in said account rents from the properties fraudulently conveyed and other moneys, depositing all of said moneys with the intent to defraud Bushby, in violation of section 1171 of the Penal Law. The record on appeal in the action against the respondent to set aside the fraudulent conveyances of realty fully establishes the respondent's guilt of the charge thus preferred. While the respondent in that action testified that he always accounted to R. C. Berkeley for the rents so deposited, he produced neither receipts from R. C. Berkeley nor checks on the Waugh estate showing payments to him, and the only inference which may reasonably be drawn from the evidence is that the account was opened and used for the purpose alleged in the petition.

The respondent urges that the record in the action of Bushby against Berkeley was erroneously admitted in evidence, for the reason that the petitioner was not a party to that action. This contention is, I think, without merit as to the questions therein litigated. The charges being based upon the conduct of the respondent in the action in which he was a party and the attorney of record, the record therefore is competent proof as to his conduct therein.

After a careful review of the evidence adduced before him, the learned official referee has found that:

"The acts shown to have been committed by the respondent not only involve offenses against the Penal Law, but also portray a lack of character and common honesty, which should not be tolerated in an attorney and counselor at law, whose most essential requisite is probity."

I think the evidence sustains the conclusion of the referee, and that the respondent should be disbarred. All concur.